**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is only binding on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2651-15T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JOSEPH A. LICCIARDELLO, a/k/a
JOSEPH A. LICCIADELLO,

    Defendant-Appellant.

_____

Submitted June 1, 2017 – Decided June 22, 2017

Before Judges Carroll, Gooden Brown and Farrington.

On appeal from the Superior Court of New Jersey, Law Division, Gloucester County, Indictment No. 14-04-0294.

Joseph E. Krakora, Public Defender, attorney for appellant (Rebecca Gindi, Assistant Deputy Public Defender, of counsel and on the brief).

Sean F. Dalton, Gloucester County Prosecutor, attorney for respondent (Joseph H. Enos, Jr., Senior Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

On April 2, 2014, a Gloucester County grand jury returned an indictment charging defendant Joseph Licciardello with fourth-degree criminal sexual contact, N.J.S.A. 2C:14-3b (count one); third-degree criminal restraint, N.J.S.A. 2C:13-2a (count two); and second-degree attempt to commit sexual assault, N.J.S.A. 2C:5-1/2C:14-2c(1) (count three).

Count one was dismissed on motion of the State prior to trial. At the conclusion of the trial, the jury found defendant guilty of the lesser-included offenses of false imprisonment as a disorderly persons offense, N.J.S.A. 2C:13-3, and fourth-degree attempted criminal sexual contact, N.J.S.A. 2C:5-1a(3)/2C:14-3b.

On January 29, 2016, defendant was sentenced to a three-year probationary term on the attempted sexual contact conviction. As conditions of his probation, defendant was required to perform 150 hours of community service and undergo sex offender counseling and treatment. The court imposed the appropriate fees, penalties, and assessment on both convictions, and ordered defendant to comply with all Megan's Law[1] requirements. This appeal followed.

On appeal, defendant raises the following arguments:

POINT I

THE TRIAL COURT ERRED BY FAILING TO REDACT IRRELEVANT PORTIONS OF [DEFENDANT'S]

---

[1] N.J.S.A. 2C:7-1 to -23.

STATEMENT TO THE POLICE WHICH PORTAYED HIM TO THE JURY AS AN ANGRY, SEX-ADDICTED DANGER TO SOCIETY IN VIOLATION OF N.J.R.E. 401, 402, 403, 404(A), AND 404(B) (Not Raised Below).

A. [Defendant's] Prior Non-Violent, Lawful Sexual Activity And Prior Instances of Anger Were Wholly Irrelevant To the Present Offenses Under N.J.R.E. 401 and 402.

B. Because Character Evidence that [Defendant] Is Prone To Anger And Sex-Addicted Served Only To Suggest That [Defendant's] Conduct Underlying the Offenses Conformed Thereto, It was Inadmissible Under N.J.R.E. 404.

> 1. Evidence That [Defendant] has a "bad temper" and "definitely has a sex problem" was Inadmissible Under N.J.R.E. 404(a).

> 2. Evidence That [Defendant] has a "bad temper" causing him to black out, and "definitely [has a sex] problem" which caused him to frequently masturbate, watch pornography, and have sex with his ex-girlfriend, was inadmissible under N.J.R.E. 404(b).

> 3. Even If the Court Finds That The Evidence Was Not Excludable Under N.J.R.E. 401, 402, 403, 404(a) or 404(b), A New Trial Is Required Because The Trial Court Gave No Limiting Instruction To The Jury In Violation of Cofield And Hampton.

POINT II

[DEFENDANT'S] CONVICTION FOR THE LESSER-INCLUDED OFFENSE OF THE CHARGED CRIME OF ATTEMPTED SEXUAL ASSAULT CANNOT STAND BECAUSE THE CONTRADICTORY AND CONFUSING JURY INSTRUCTIONS AND VERDICT SHEET MAKE IT IMPOSSIBLE TO DETERMINE WHETHER THE JURY FOUND

[DEFENDANT] GUILTY OF ATTEMPTED CRIMINAL SEXUAL CONTACT OR THE COMPLETED OFFENSE OF CRIMINAL SEXUAL CONTACT, CREATING A SERIOUS RISK OF A PATCHWORK VERDICT. (Not Raised Below).

After reviewing the record in light of the contentions advanced on appeal, we affirm.

I.

We briefly summarize the evidence presented during the December 2015 trial, at which the victim, V.P.,[2] and Sergeant John Gigante of the Deptford Township Police Department, testified.

The charges stemmed from an incident between twenty-year-old defendant and seventeen-year-old V.P. while they were alone in defendant's car after hours of tailgating with friends before a concert. V.P. testified that instead of taking her home, defendant pulled his car over on two separate occasions and attempted to have sex with her, holding her neck down and ultimately ripping her underwear. V.P. asserted that she repeatedly said "no" and tried to push defendant away. She maintained defendant did not stop and let her out of the car until she showed him she was having her period, at which point he "got angry" and "really mad." She reported the incident to the police the following day, after defendant failed to return a camera he took from her. V.P.'s

_____

[2] Pursuant to Rule 1:38-3(c)(12), we use initials to protect the identity of the victim of a sexual offense.

ripped underwear and photographs of the marks on her neck were introduced in evidence at trial.

Defendant gave a statement to Sgt. Gigante in which he claimed he was drunk and admitted he was trying to have sex with V.P., that he held her down by her shoulders, and that V.P. was squeezing her legs together while he was trying to push them apart. Defendant conceded he had a bad temper and that evening was a "little mad." When asked by Gigante at what point he stopped, defendant responded "[i]t was just like I [] just snapped and went back to reality and just realized what I was doing was wrong." Defendant further stated he was not "gross[ed] out" that V.P. had her period, and elaborated: "I've had sex with my girlfriend on her period before. But [] no, like that's not what made me stop. What made me stop is [] I just knew . . . that I was taking it too far."

Defendant's recorded statement was ruled admissible at a pretrial Miranda[3] hearing. The statement was played at trial with redactions that were agreed upon by the State and defendant. However, portions of the statement referring to defendant having a bad temper that caused him to blackout at times and a "problem"

---

[3] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

involving frequent masturbation, viewing pornography, and having frequent daily consensual sexual intercourse with his ex-girlfriend, were not redacted. The defense at trial was that defendant voluntarily renounced any criminal purpose.[4] As noted, the jury ultimately acquitted defendant of attempted sexual assault and criminal restraint, but found him guilty of the lesser-included offenses of attempted sexual contact and false imprisonment.

## II.

Defendant argues for the first time on appeal that he was deprived of a fair trial because the trial court did not sua sponte exclude as irrelevant or unduly prejudicial the un-redacted portions of the statement pursuant to N.J.R.E. 401, 402, 403, or 404, or issue a curative instruction when the statement was played for the jury. Defendant also argues that the court erred in failing to give a Hampton[5] instruction to guide the jury in evaluating the credibility of portions of defendant's statement due to Gigante's improper interrogation tactics.

We view defendant's arguments through the prism of the plain error standard because he did not object to the admission of the

---

[4] See N.J.S.A. 2C:5-1(d).

[5] State v. Hampton, 61 N.J. 250, 272 (1972).

redacted statement at trial or request any limiting instructions. R. 2:10-2. Under that standard, "[a]ny error or omission shall be disregarded by the appellate court unless it is of such a nature as to have been clearly capable of producing an unjust result[.]" Ibid.; see State v. Galicia, 210 N.J. 364, 386 (2012). As our Supreme Court recently stated, when applying the plain error doctrine to evidence that should have been excluded, "the error will be disregarded unless a reasonable doubt has been raised whether the jury came to a result that it otherwise might not have reached." State v. R.K., 220 N.J. 444, 456 (2015) (citing State v. Daniels, 182 N.J. 80, 95 (2004)). In weighing the effect of improperly admitted evidence, we may assess "if the State's case is particularly strong." Ibid.

As defendant correctly points out, evidence of prior crimes and bad acts are not admissible to prove that a criminal defendant had a propensity to engage in criminal activity or acted in conformity with prior criminal activity. N.J.R.E. 404(b). The concern in admitting evidence of prior bad acts is that "the jury may convict the defendant because he is a bad person in general." State v. Cofield, 127 N.J. 328, 336 (1992) (citation omitted). If evidence is admitted pursuant to N.J.R.E. 404(b), then the court must give a limiting instruction specifically directing the jury

on the limited use of the evidence. State v. Nance, 148 N.J. 376, 391 (1997).

"The threshold determination under [N.J.R.E.] 404(b) is whether the evidence relates to 'other crimes,' and thus is subject to continued analysis under [N.J.R.E.] 404(b)[.]" State v. Rose, 206 N.J. 141, 179 (2011). Although the rule refers to "evidence of other crimes, wrongs or acts," evidence and arguments to the jury suggestive of a defendant's prior criminal activity — such as gang membership, mugshots, references to defendant being in jail or prison, and aliases suggesting membership in a criminal class — have all been held to implicate Rule 404(b). See State v. Harris, 156 N.J. 122, 172-73 (1998); State v. Goodman, 415 N.J. Super. 210, 227-28 (App. Div. 2010), certif. denied, 205 N.J. 78 (2011); State v. Salaam, 225 N.J. Super. 66, 72-76 (App. Div.), certif. denied, 111 N.J. 609 (1988); State v. Childs, 204 N.J. Super. 639, 651-52 (App. Div. 1985). See also State v. Skinner, 218 N.J. 496, 517-19 (2014) (holding that violent, profane, and disturbing rap lyrics were subject to a N.J.R.E. 404(b) analysis).

Here, we disagree with defendant that references in his statement to having a bad temper, or "a problem" that led him to masturbate, watch pornography, and engage in frequent consensual sex with his ex-girlfriend, constitute "crimes, wrongs or acts" within the ambit of N.J.R.E. 404(b). While no doubt distasteful

to some, and admittedly a close call, we conclude that such acts are not indicative of prior criminal behavior. Accordingly, they are not "crimes, wrongs or acts" under N.J.R.E. 404(b) and the trial judge did not err by failing to apply the four-prong test established in Cofield, supra, 127 N.J. at 338. See State v. Jones, 425 N.J. Super. 258, 274 (App. Div. 2012) (noting our review is plenary where the trial court fails to conduct a required Cofield hearing (citing Rose, supra, 206 N.J. at 157-58)).

We next address defendant's contentions with respect to N.J.R.E. 401, 402, and 403. "Except as otherwise provided in these rules or by law, all relevant evidence is admissible." N.J.R.E. 402. "'Relevant evidence' means evidence having a tendency in reason to prove or disprove any fact of consequence to the determination of the action." N.J.R.E. 401. N.J.R.E. 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the risk of (a) undue prejudice, confusion of issues, or misleading the jury, or (b) undue delay, waste of time, or needless presentation of cumulative evidence." The burden of proof rests on defendant to show actual undue prejudice, rather than the mere possibility of prejudice, substantially outweighs the probative value. State v. Swint, 328 N.J. Super. 236, 253 (App. Div.), certif. denied, 165 N.J. 492 (2000).

In the present case, defendant did not object to the admission of the redacted statement, which he now contends contains portions that are irrelevant.  Consequently, the trial court was deprived of the opportunity to rule on the relevance of the portions of the statement that defendant now disputes.  Further, it is unclear from the record whether defense counsel made a tactical decision not to object to the evidence.  Defense counsel may well have believed defendant's statements showed he lacked the requisite intent to sexually assault V.P., and instead portrayed him as merely sexually aroused and intoxicated.  Notably also, defense counsel in summation specifically acknowledged that defendant engaged in sexual intercourse in the past with girls who had their period.  Counsel stated: "You heard [defendant] say during his statement that he has had sex with his girlfriends in the past on their period and that wasn't why he didn't go through with it. You heard him say that."  Thus, in pursuing a voluntary renunciation defense, counsel relied on defendant's statement to support the argument that defendant ceased his sexual advances of his own accord and not because V.P. had her period, as she testified.

To rebut defendant's renunciation defense, the State during summation responded "[h]e's so sexually motivated that he says he has a problem.  And he says and he agreed there's no doubt she

didn't want it. But that didn't stop his attempt and it wasn't for lack of trying." We note further that defendant's statement that he had a bad temper and got mad during the incident was relevant because it corroborated the victim's version of events.

In the end, we are tasked with deciding whether the portions of the statement that were introduced at trial without objection, but are now on appeal disputed, warrant reversal of defendant's conviction under the plain error standard. We must thus view the evidence presented at trial as a whole, including the entirety of defendant's statement, to determine "whether the jury came to a result that it otherwise might not have reached." R.K., supra, 220 N.J. at 456. Here, defendant admitted holding the victim down by the shoulders in his attempt to have sex with her, and conceded that she continued to resist his sexual advances on two separate occasions. V.P. identified her underwear that was torn during the struggle and photos of marks that were left on her neck. Defendant admitted "taking it too far" and "realized what I was doing was wrong." Viewing the record as a whole, even if the challenged evidence should have been excluded, the failure by the trial court to do so sua sponte does not meet the plain error standard.

Moreover, not only did defendant fail to object to the redacted statement or seek additional redactions to it, he acceded to its admission in evidence. Prior to admitting the evidence,

the prosecutor represented: "The audio statement has been redacted in certain portions and the parties have agreed to the redactions." Under the doctrine of invited error, "[t]rial errors which were induced, encouraged or acquiesced in or consented to by defense counsel ordinarily are not a basis for reversal on appeal." State v. Harper, 128 N.J. Super. 270, 277 (App. Div.), certif. denied, 65 N.J. 574 (1974).

For similar reasons, we reject defendant's argument that a new trial is required because the trial judge failed to instruct the jury on the reliability of defendant's statement pursuant to Hampton, supra, 61 N.J. at 272. A trial court should provide a "Hampton" charge "whenever a defendant's oral or written statements, admissions, or confessions are introduced in evidence" regardless of "[w]hether [the charge is] requested or not[.]" State v. Jordan, 147 N.J. 409, 425 (1997) (referencing Hampton, supra, 61 N.J. at 272). A jury "'shall be instructed that they should decide whether . . . the defendant's [statement] is true,'" and if they conclude that it is "'not true, then they must . . . disregard it for purposes of discharging their function as fact finders on the ultimate issue of guilt or innocence.'" Jordan, supra, 147 N.J. at 419 (quoting Hampton, supra, 61 N.J. at 272).

The failure to give the charge, however, is not always reversible error. Id. at 425, 428. A reviewing court will only

reverse when the omission is clearly capable of producing an unjust result in the context of the entire case. Id. at 425, 429. If the statements are unnecessary to prove the defendant's guilt "because there is other evidence that clearly establishes guilt, or if the defendant has acknowledged the truth of his statement," the failure to give a Hampton charge will not require reversal. Id. at 425-26.

Here, defendant's statement was not oral or written. Rather, it was audio recorded, and its accuracy was not disputed at trial. We thus discern no error, no less plain error, in the failure to provide the jury with a Hampton charge. Moreover, during the charge conference, defense counsel requested that the charge not be given. Again, under the invited error doctrine, because defendant specifically asked the trial court not to give the charge, we discern no error in the judge's failure to do so.

### III.

Defendant's remaining argument, also raised for the first time on appeal, is that his conviction for attempted criminal sexual contact should be reversed because the trial court gave contradictory and confusing instructions on whether defendant was charged with attempt or the completed crime of criminal sexual contact.

"[A]ppropriate and proper jury charges are essential to a fair trial." State v. Baum, 224 N.J. 147, 158-59 (2016) (quoting State v. Reddish, 181 N.J. 553, 613 (2004)). "The trial court must give 'a comprehensible explanation of the questions that the jury must determine, including the law of the case applicable to the facts that the jury may find.'" Id. at 159 (quoting State v. Green, 86 N.J. 281, 287-88 (1981)). The alleged error must be considered in light of "the totality of the entire charge, not in isolation." State v. Chapland, 187 N.J. 275, 289 (2006) (citation omitted). Where, as here, a defendant fails to object to an error regarding a jury charge, we once again review for plain error. State v. Funderburg, 225 N.J. 66, 79 (2016). Moreover, the failure to "interpose a timely objection constitutes strong evidence that the error belatedly raised [] was actually of no moment." State v. White, 326 N.J. Super. 304, 315 (App. Div. 1999), certif. denied, 163 N.J. 397 (2000).

Here, the judge first instructed the jury on attempt, and then the substantive crimes of sexual assault and the lesser-included offense of sexual contact. While perhaps not the model of clarity, we conclude from our review of the entire charge that the jury understood it should consider those attempted rather than completed crimes. Moreover, the verdict sheet that the judge explained to the jury clearly referenced the charged crime of

14 A-2651-15T2

attempted sexual assault and the lesser-included offense of attempted sexual contact. Accordingly, we discern no plain error in the charge that prejudiced defendant.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION